The opinion of the Court was delivered by
Grimke J.
I did not hesitate to refuse the latter motion, because I *114 conceived, that although such were the precise terms of the act, yet, that a constant and uniform practice to the contrary had prevailed in this State ; for attachments have so frequently and so repeatedly been issued, and affidavits made in some of the northern States, and in England, France, &e., that it ought not now to be contested or varied. It will be seen at once, that unless a party is present to make the affidavit at the filing of the declaration, a foreigner or even one of our own countrymen, who should accidentally be absent from the State, might be deprived of the advantage accruing under the attachment act.
Blanding, for the motion. Harper and Clifton, contra.
I am, therefore, of opinion, that this motion should be discharged.
Upon the other ground, whether the return was made in time, the court is'not disposed, under the circumstances of this case, to reverse the decision. I take it for granted, that this court will not adhere as literally to the strict letter of the law, as to do injustice in any case, but particularly in cases addressed to the discretion of a judge.
Now it appears that the presiding judge in March, 1814, declined any interference on the part of the garnishee, so as to protect him from being answerable ; Whereas, had he done so, the defendant garnishee, at the ^me> might have satisfied his mind why the return *had not been made to the preceding term, according to the exigency of the suit. In the mean time the garnishee dies, when it was wholly out of his power to satisfy me why the return had not been made. Could I then, with any degree of propriety have determined that the return was made out of time, and that although, (perhaps,) he might have had the best reasons for not making his return before, yet, as in the first instance, it does not appear that he was heard, and in the second, that he was dead, and could urge no reasons, he should be saddled with a considerable debt not his own, and when, from his return, it appeared, that he had not one shilling of the absent debtor’s_effeets or property in his power or possession ?
I must observe, that these two points were not argued at the Court below, but a decision was called for to enable the parties to appeal; for it was said, that which ever way the decision led, it would afford a ground for bringing up this case to this court. Upon reviewing the desultory opinion I have delivered, I am convinced that the one which I then formed, was founded in just legal discretion.
■ I am, therefore, for discharging this motion.
Coloook and Johnson, JJ., concurred.